195 So. 293

CARTER DRY GOODS CO. v. NAPIER.

8 Div. 905.

Court of Appeals of Alabama.
March 26, 1940.

H. G. Bailey, of Boaz, for appellee.

Arthur L. Shaw, of Tuscumbia, and Street & Orr, of Guntersville, for appellant.

RICE, Judge.

This is an action upon an open account by appellant against appellee, individually, with complaint in statutory form—no mention being made as to any partnership.

Appellee filed a sworn plea, in substance, to-wit: "That, at the time the goods, wares and merchandise were purchased by D. Golden and Company, and at the time they were delivered to said D. Golden and Company, he was not a member of the firm or partnership of said D. Golden and Company, that he had no interest whatever in said firm or partnership and is therefore not liable to the plaintiff upon the account sued upon."

Appellant did not see fit to move to strike said plea; but, rather, demurred thereto upon a number of different grounds —set out in the demurrer.

In our opinion, and we hold, the trial court was in error in overruling appellant's demurrer to this plea.

Appellant then filed a replication to appellee's above mentioned plea, in which it

258

averred that: "Appellee was from 1928 to the summer of 1934 a member of said firm, that in 1934 he withdrew as a member thereof, that between 1928 and said withdrawal plaintiff had sold goods, wares and merchandise to said firm and that said firm had established a credit with plaintiff, that the defendant gave plaintiff no notice of his withdrawal and that when these goods, wares and merchandise sued for were sold to D. Golden and Company plaintiff had no notice or knowledge of the withdrawal of this defendant."

Notwithstanding that under the express terms of Code 1928, Sec. 9381, this replication was in all respects apt and appropriate —and, so far as we can see, sufficient—the trial court sustained appellee's demurrers thereto. In this he committed error.

The case was tried by the court sitting without a jury; and, as appears, he rendered judgment on the evidence in favor of appellee.

■ The testimony was, on all material facts, without dispute. Appellee admitted that from 1928 to and including the summer of 1934 he was a partner in the firm of D. Golden and Company. During this time plaintiff (appellant) had sold goods to the firm knowing that this defendant (appellee) was a partner therein.

It was without dispute that when appellee withdrew from the firm in 1934 or 1935 he gave no notice to plaintiff (or to *anybody*, so far as appears) of his retirement from said firm. And that this was the status when plaintiff sold and delivered to D. Golden and Company the goods, wares, and merchandise here sued for.

Upon the evidence it would appear to us inescapable that judgment should have gone in favor of appellant.

There were some obvious errors committed in rulings on the admission of testimony —not all of which we will stop to consider.

■ But as an instance, it was of course immaterial, irrelevant, and perhaps incompetent, as to whether or not appellee had had any communication from anybody relative to his "continued partnership in the firm." The burden was on *appellee* to let it be known that he was *out* of the firm; and not on one formerly dealing with the firm, while he was a member, to ask him if he were "still in it." Code 1928, Sec. 9381.

■ And as another instance, it was wholly immaterial as to whether or not appellee knew that D. Golden and Company was continuing to buy goods from this plaintiff.

Rulings contrary to what we have said in the next two preceding paragraphs, and other rulings in line with them, were of course erroneous. Further specification will not be indulged for the reason we feel sure like errors will not be committed on another trial.

■ Appellee's counsel does not controvert the appellant's contention as to error in any of the above; but satisfies himself with the contention, here, that the trial court could not, in any event, have rendered judgment in favor of appellant, for the reason that there was no "competent, legal, admissible testimony, in proof of the account sued on."

The fallacy of this contention is succinctly and accurately pointed out in the reply brief filed here on behalf of appellant. But we can not see the necessity, nor the propriety of our setting out here the details in that regard.

It is sufficient that we say that we have carefully examined the contentions of the respective parties, in the light of the evidence offered on the trial; and that it is our opinion that there *was* "competent, legal, admissible testimony"—not perhaps as full and complete as it might well have been—upon which the court would have been warranted in rendering a judgment in favor of appellant. And but for his erroneous conception of the law as we have hereinabove pointed out, we can not say but that he would have done so.

At any rate, the appeal coming here under the provisions of Code 1928, Sec. 9498, or Sec. 9502, it is our opinion the judgment should be, and it is hereby, reversed for the errors we have hereinabove pointed it— waiving, presently, the basic question of whether or not, on the evidence, judgment should have gone in favor of appellant.

And, due to appellee's contention as to the insufficiency of said evidence to *support* a judgment in favor of appellant, we have concluded within our province, to remand the cause for further proceedings not inconsistent with what we have written. Code Secs. 9498 and 9502, supra.

Reversed and remanded.